UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL STUDENT LEGAL DEFENSE NETWORK,<br><br>           Plaintiff,<br><br>     v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br><br>          Defendant. | Civil Action No. 25-3238 (AHA) |

## __ANSWER__

Defendant Department of Education, by and through the undersigned counsel, respectfully responds as follows to the separately numbered paragraphs and prayer for relief in Plaintiff Louise Trauma Center LLC's Complaint, in this case under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Any allegations not specifically admitted, denied, or otherwise responded to below are denied.

To the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their complete and accurate contents, but such references are not intended to be, and should not be construed as, an admission that the cited materials are: (1) correctly cited or quoted by Plaintiff, (2) relevant to this, or any other, action, or (3) admissible in this, or any other, action. Defendant expressly denies all allegations in the Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Defendant responds to the Complaint in like numbered paragraphs as follows:

1.      To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence

or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

2. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

3. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

4. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief

or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

5.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

6.    This paragraph consists of Plaintiff's characterization of this action to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to bring a cause of action under FOIA based on a FOIA request and otherwise denies the allegations in this paragraph.

## JURISDICTION AND VENUE[1]

7.    This paragraph consists of legal conclusions regarding jurisdiction to which no response is required. To the extent that a response is deemed required, Defendant admits that the Court has jurisdiction over claims involving proper FOIA requests, subject to the terms and limitations of FOIA.

---

[1]    Merely for ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings (*see* Fed. R. Civ. P. 10(b)), to the extent a response is deemed required and to the extent those headings could be construed to contain factual allegations, those allegations are denied.

8.      This paragraph consists of legal conclusions regarding venue to which no response is required. To the extent that a response is deemed required, Defendant admits that the Court has venue over claims involving proper FOIA requests.

9.      This paragraph consists of legal conclusions to which no response is required.

## PARTIES

10.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

11.     Defendant admits that it is an agency as defined by the FOIA. The remaining allegations in this paragraph consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the remaining allegations in this paragraph.

## FACTS

12.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

13.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief

or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

14.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

15.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

16.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

17.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

18.     Defendant admits that it received a FOIA request purportedly sent by Plaintiff on or about July 25, 2025. In further response to the allegations in this paragraph, Defendant avers that the request is the best evidence of its contents and respectfully refers the Court to the request for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent with the content of the request.

19.     Defendant admits that it closed the request and exchanged correspondence with Plaintiff on August 27, 2025. In further response to the allegations in this paragraph, Defendant avers that the correspondence is the best evidence of its contents and respectfully refers the Court to the correspondence for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent with the content of the correspondence.

20.     Defendant admits that it received a FOIA from Plaintiff on or about September 5, 2025. In further response to the allegations in this paragraph, Defendant avers that the request is the best evidence of its contents and respectfully refers the Court to the request for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent with the content of the request.

21.     Defendant admits that Plaintiff emailed it on September 5, 2025. In further response to the allegations in this paragraph, Defendant avers that the email is the best evidence of its contents and respectfully refers the Court to the email for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent with the content of the email.

22.     Defendant admits it emailed Plaintiff on September 5, 2025. In further response to the allegations in this paragraph, Defendant avers that the email is the best evidence of its contents and respectfully refers the Court to the email for a complete and accurate statement of its contents. Defendant denies all allegations in this paragraph to the extent they are inconsistent with the content of the email.

23.     This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies that is in violation of FOIA.

24.     This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies that is in violation of FOIA.

25.     This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies that is in violation of FOIA.

### COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Responsive Records

26.     Defendant incorporates by reference its responses to all preceding paragraphs as if set forth fully herein.

27.     This paragraph consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraphs, including any allegation that it is in violation of FOIA.

28.     This paragraph consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraphs, including any allegation that it is in violation of FOIA.

29.     This paragraph consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraphs, including any allegation that it is in violation of FOIA.

30.     This paragraph consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraphs, including any allegation that it is in violation of FOIA.

31.     This paragraph consists of Plaintiff's request for relief to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

32.     Defendant incorporates by reference its responses to all preceding paragraphs as if set forth fully herein.

33.     This paragraph consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraphs, including any allegation that it is in violation of FOIA.

34.     This paragraph consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraphs, including any allegation that it is in violation of FOIA.

35.     This paragraph consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraphs, including any allegation that it is in violation of FOIA.

36.     This paragraph consists of Plaintiff's conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraphs, including any allegation that it is in violation of FOIA.

37.     This paragraph consists of Plaintiff's request for relief to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to the

## PRAYER FOR RELIEF

The remainder of the complaint consists of Plaintiff's prayer for relief to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant asserts a general denial as to those allegations that are contained in the Complaint that are not specifically admitted herein.

## DEFENSES

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses in this answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

## FIRST DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA or the Privacy Act, 5 U.S.C. § 552a.

## SECOND DEFENSE

The Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceeds the relief authorized by the FOIA.

## THIRD DEFENSE

Plaintiff is neither eligible nor entitled to attorney's fees or costs.

## FOURTH DEFENSE

Plaintiff's requests are not valid requests to the extent they do not reasonably describe the records sought or would be unduly burdensome to process.

## FIFTH DEFENSE

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

Dated: January 16, 2026
          Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By:  _____/s/ Brian J. Levy_____
      BRIAN J. LEVY
      Assistant United States Attorney
      601 D Street, NW
      Washington, DC 20530
      (202) 252-6734

*Attorneys for the United States of America*